BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
LAWRENCE E. KOLE (Cal. Bar No. 141582)
Assistant United States Attorney
    Ronald Reagan Federal Bldg & U.S. District Courthouse
    411 West 4th Street, Room 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3594
    E-mail: larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
6/27/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___E.C.___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 25-  8:25-cr-00117-DFM |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JESUS FRANCISCO QUINTERO MARTINEZ |
| v. | |
| JESUS FRANCISCO QUINTERO MARTINEZ, | |
| Defendant. | |

    1.    This constitutes the plea agreement between Jesus Francisco Quintero Martinez ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a)    Plead guilty to the information in the above-captioned case at the earliest opportunity requested by the USAO and

provided by the Court, in the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with improper entry by alien, a violation of 8 U.S.C. § 1325(a)(1), a class B misdemeanor.

    b)   Waive the right to prosecution in the district where the offense alleged in the information was committed, under Fed. R. Crim. P. 18, should defendant's offense have been committed outside the Central District of California.

    c)   Waive the statute of limitations, under 18 U.S.C. § 3282, should defendant's offense have been committed more than five years before the date that the information is filed.

    d)   Not contest facts agreed to in this agreement.

    e)   Abide by all agreements regarding sentencing contained in this agreement.

    f)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    g)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    h)   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    i)   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

    j)   Not file or argue any substantive motions, including those described in Fed. R. Crim. P. 12.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a) Not contest facts agreed to in this agreement.

    b) Abide by all agreements regarding sentencing contained in this agreement.

    c) Not to prosecute defendant for a violation of 8 U.S.C. § 1326 based on defendant's being found in the United States on or about December 19, 2024. Defendant understands, however, that the USAO may prosecute defendant for such a violation if defendant is found in the United States again.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the one-count information, a violation of 8 U.S.C. § 1325(a)(1), the following must be true: (1) defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or national, of the United States; and (2) defendant knowingly and voluntarily entered the United States at a time and place other than as designated by immigration officers of the United States.

## PENALTIES

5. The statutory maximum sentence that the Court can impose for a violation of 8 U.S.C. § 1325(a)(1) is: 6 months imprisonment; a fine of $5,000; and a mandatory special assessment of $10.

## FACTUAL BASIS

6. Defendant admits that defendant is, in fact, guilty of violating 8 U.S.C § 1325(a)(1) as described in the information. Defendant admits to the facts provided below and agrees that this

statement of facts is sufficient to support a plea of guilty to the charge described in this agreement.

7. At the time of the offense, defendant was not a citizen or national of the United States. Defendant is a citizen of Mexico. In or around June 2024, defendant, an alien, knowingly and voluntarily entered the United States from Mexico at a place other than a designated port of entry; that is, defendant entered the United States at the border of Mexico and California. On or about June 9, 2025, defendant was apprehended in the Central District of California.

## SENTENCING FACTORS AND RECOMMENDATIONS

8. Defendant understands that the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Additionally, the parties agree that, because the offense to which defendant is pleading guilty is a Class B misdemeanor, the United States Sentencing Guidelines do not apply.

9. The USAO agrees to recommend a sentence of thirty (30) days' imprisonment.

10. Defendant may request any term of imprisonment.

11. The parties stipulate and agree that there is sufficient information in the record to enable the Court to exercise its sentencing authority meaningfully without a presentence investigation or report. The parties agree to recommend immediate sentencing, with defendant's criminal history calculated pursuant to a criminal history report prepared by the U.S. Probation and Pretrial Services Office, provided that the court makes a specific finding pursuant to Fed. R. Crim. P. 32(c)(1) that the information in the record is sufficient to enable the court to meaningfully

exercise its sentencing authority pursuant to 18 U.S.C. § 3553 without a pre-sentence investigation report.  The Court's failure to follow this recommendation does not constitute a basis to withdraw the guilty plea.

12.  The parties agree that defendant shall pay a special assessment in the amount of $10.00 to be paid forthwith at time of sentencing and that all fines should be waived as defendant does not have the ability to pay a fine.

13.  The parties agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against defendant's sentence, including credit under Sentencing Guideline § 5G1.3.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a)   The right to persist in a plea of not guilty.

    b)   The right to a speedy and public trial.

    c)   The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

    d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e)   The right to confront and cross-examine witnesses against defendant.

   f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

 15. Defendant has been advised by counsel and understands that, because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant also may be denied United States citizenship and admission to the United States in the future. No collateral consequences resulting from this guilty plea will serve as grounds to withdraw defendant's guilty plea.

WAIVER OF APPEAL OF CONVICTION

 16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED WAIVER OF APPEAL OF SENTENCE

17. Defendant gives up the right to appeal all of the following: (a) the term of imprisonment imposed by the Court, provided it is within the statutory maximum; and (b) any fine imposed by the Court, provided it is within the statutory maximum.

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if

defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses, other than the defense waived by defendant in paragraph 2(c) above which waiver is not affected by this paragraph, existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

22. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.

### NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

/ / /
/ / /
/ / /

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
United States Attorney

*/s/ Lawrence E. Kole*                                          6/26/2025
_____                      _____
LAWRENCE E. KOLE                                                Date
Assistant United States Attorney


*/s/ J.F. Quintero.M*                                          06-24-2025
_____                      _____
JESUS FRANCISCO QUINTERO MARTINEZ                               Date
Defendant


*/s/ Amy Karlin*                                               6/24/25
_____                      _____
AMY KARLIN                                                      Date
Deputy Federal Public Defender

Attorney for Defendant
JESUS FRANCISCO QUINTERO MARTINEZ


CERTIFICATION OF DEFENDANT

**TO DEFENDANT AND COUNSEL: INITIAL THE TRUE STATEMENT AND CROSS OUT THE OTHER:**

1. This agreement has been read to me in Spanish, the language I understand best. Defendant's initials: **JFQM** Counsel's initials: **AK** OR:

2. I am fluent in English and have carefully read this agreement. Defendant's initials: ____ / Counsel's initials: ____

10

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*J.F.Quintero.M*            06-24-2025
JESUS FRANCISCO QUINTERO MARTINEZ    Date
Defendant

CERTIFICATION OF INTERPRETER [IF APPLICABLE]

I, *Ma. Dolores Martin*, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant Jesus Francisco Quintero Martinez on this date.

*Ma. D.G. Martin*            June 24, 2025
INTERPRETER    Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Jesus Francisco Quintero Martinez's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    6/24/25
AMY KARLIN                          Date
Deputy Federal Public Defender

Attorney for Defendant
JESUS FRANCISCO QUINTERO MARTINEZ